**BOURG, Sheriff and Ex Officio Tax Collector, v. ROBERTSON.**

**No. 1855.**

Court of Appeal of Louisiana. First Circuit.

May 5, 1938.

Elton A. Darsey, of Houma, for appellant.

Wallis & Butler, of Houma, for appellee.

LE BLANC, Judge.

The plaintiff, F. X. Bourg, acting by virtue and authority of his office as sheriff and ex officio tax collector for the parish of Terrebonne, originated this suit against the defendant, Isaac Robertson, having for its purpose the collection of a peddler's license, and also the enjoining of defendant from conducting his business until such time as he had procured the necessary license. The total amount demanded was the sum of $125, plus 2 per cent. per month interest from March 1, 1937, on $100 thereof, together with 10 per cent. of the aggregate amount as attorney's fees. Plaintiff asked further that the first lien and privilege accorded the parish of Terrebonne by law for the purpose of recovering the license due by the defendant be recognized and maintained against the truck used by the defendant in conducting his business, and described in the petition as a G. M. C. truck, bearing motor No. 1221003, and that the same be ordered advertised and sold and the proceeds applied to the payment of the demand made with preference and priority over all other claims.

Upon trial of the suit after plaintiff's demand had been put at issue by the defendant, there was judgment in favor of the plaintiff as prayed for, and subsequently upon issuance of a writ of fi. fa. the said truck was seized and advertised to be sold on November 6, 1937.

Before the date of sale, the Mossler Acceptance Company appeared in court and filed a petition of intervention and third opposition claiming a superior privilege on the said truck on a note which it held, by virtue of a chattel mortgage securing the same and bearing upon the seized truck. It accordingly prayed that its claim be paid by preference and priority out of the proceeds of the sale of the truck.

The truck was duly sold for the sum of $105, and on a trial of the claim of the intervener there was judgment in its favor and against the sheriff, plaintiff herein, ordering the proceeds to be paid over to the said intervener by preference and priority. From that judgment the plaintiff has taken this appeal.

It is shown that the intervener is the holder and owner of a certain promissory note dated New Orleans, La., November 27, 1936, for the sum of $824.80, payable at its office in New Orleans, La., in forty semi-monthly installments of $20.62 each, on the 12th and 27th day of each month beginning December 12, 1936. The note is made payable to the order of bearer and is signed and indorsed by Covington Grayton, who also executed a chattel mortgage to secure

the same on several motor vehicles, one of which is the truck herein described and seized.

 It is the contention of the plaintiff that there is no evidence in the record that the chattel mortgage relied upon by the intervener was ever recorded, there being no certificate to that effect. There is in the record a purported copy of an act of chattel mortgage which appears to be the mortgage securing the note in question, bearing the following notation: "Rec M O B 1526 fo 397 Parih of Orleans, La." This notation is unsigned, and, whilst it may convey information that the mortgage was recorded, it certainly cannot be said to furnish that form of proof which is required by law. The allegation in the petition to the effect that it was recorded was denied by the sheriff, and certainly the intervener was called upon to supply proof that it was. It may have been the intention of the intervener to obtain a certificate to that effect from the recorder of mortgages of the parish of Orleans, and it may be that it was under the impression that it had a valid certificate. But a signature to the purported certificate is clearly lacking, and it can hardly be contended that a certificate signed by no one serves the purpose of showing that an act of mortgage has been duly recorded, as necessarily it must, in order to protect the rights of a person holding thereunder, against any third person.

It is our opinion that the lack of a proper certificate of recordation of its mortgage is fatal to the claim of preference and priority herein made by the intervener, and that the intervention cannot be maintained.

It follows therefore that the judgment which maintained the intervention and recognized the intervener's claim as bearing a superior privilege is incorrect and necessarily it has to be reversed.

For the reasons stated, it is therefore ordered that the judgment appealed from be set aside, annulled, and reversed, and it is now ordered that there be judgment dismissing the intervention and that the claim of the plaintiff herein be recognized and maintained and that the same be paid from the proceeds of the sale of the truck herein seized and sold, by preference and priority over all other claims and demands. It is further ordered that the intervener pay all costs of these proceedings.